| | |
|---|---|
| 1 | GARRY G. MATHIASON, Bar No. 51119 |
| 2 | KAI-CHING CHA, Bar No. 218738<br>DANTON W. LIANG, Bar No. 303487 |
| 3 | LITTLER MENDELSON, P.C.<br>333 Bush Street, 34th Floor |
| 4 | San Francisco, CA  94104<br>Telephone:    415.433.1940 |
| 5 | Fax No.:       415.399.8490<br>Email: gmathiason@littler.com |
| 6 |        kcha@littler.com<br>       dliang@littler.com |
| 7 | Attorneys for Defendants |
| 8 | FALLANGHINA, LLC DBA PAISAN OSTERIA;<br>LONGBRANCH BERKELEY LLC; HAL |
| 9 | BRANDEL; AND WALTER WRIGHT |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, individually and on behalf of those similarly situated,<br><br>              Plaintiffs,<br><br>    vs.<br><br>FALLANGHINA, LLC dba PAISAN OSTERIA; LONGBRANCH BERKELEY LLC; HAL BRANDEL; and WALTER WRIGHT<br><br>              Defendants. | CASE NO.  CV 16-1832 MEJ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[FRCP 12(B)(6)]**<br><br>Date:         July 28, 2016<br>Time:        10:00 a.m.<br>Ctrm.:       15th Floor, Ctrm B<br>Judge:      Hon. Maria-Elena James |

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF

CASE NO. CV 16-1832 MEJ

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ............................................................... 2

III. STATEMENT OF RELEVANT FACTS ......................................................................... 3

    A. Plaintiff's Causes of Action ................................................................................... 3

    B. Plaintiff's FAC Only Contains Conclusory Allegations against Individual Defendants Hal Brandel and Walter Wright and In Support Of His Meal and Rest Break Claims .................................................................................................. 3

IV. ARGUMENT .................................................................................................................... 4

    A. Standard for a 12(b)(6) Motion .............................................................................. 4

    B. Plaintiff Has Failed To Allege Sufficient Facts To Assert The Alter Ego Theory Against Individual Defendants Walter Wright and Hal Brandel .................... 5

    C. Plaintiff Has Not Pleaded Facts Sufficient to State A Claim For His Meal and Rest Break Cause of Action ............................................................................. 6

V. CONCLUSION ................................................................................................................. 8

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF

i.

CASE NO. CV 16-1832 MEJ

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 1, 2, 4, 7

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*,
    459 U.S. 519 (1983) ............................................................................................................ 4

*AT&T v. Compagnie Bruxelles Lambert*,
    94 F.3d 586 (9th Cir. 1996) ................................................................................................ 5

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) .............................................................................................. 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... passim

*Burtch v. Milberg Factors, Inc.*,
    662 F3d 212 (3rd Cir. 2011) ............................................................................................... 7

*Chaparro v. Carnival Corp.*,
    693 F3d 1333 (11th Cir. 2012) ........................................................................................... 4

*County of Santa Clara v. Astra U.S., Inc.*,
    428 F.Supp.2d 1029 (N.D. Cal. 2006) ............................................................................... 6

*Cusack v. Idaho Dep't of Corr.*,
    2012 U.S. Dist. LEXIS 19948 (D. Idaho Feb. 15, 2012) ................................................... 4

*Deleon v. Time Warner*,
    2009 U.S. Dist. Lexis 74345 .............................................................................................. 7

*Hokama v. E.F. Hutton & Co.*,
    566 F.Supp. 636 (C.D. Cal. 1983) ..................................................................................... 6

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
    394 F.3d 1143 (9th Cir. 2004) ........................................................................................... 5

*Lopez v. Wendy's Int'l, Inc.*,
    2011 U.S. Dist. LEXIS 151513 (C.D. Cal. Sept. 19, 2011) ............................................... 4

*Moore v. Bayport Package Exp.*,
    885 F.2d 531 (9th Cir. 1989) ............................................................................................. 6

*Neilson v. Union Bank of California, N.A.*,
    290 F.Supp.2d 1101 (C.D. Cal. 2003) ............................................................................... 6

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS;   ii.   CASE NO. CV 16-1832 MEJ
MPA ISO THEREOF

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Neubronner v. Milken,*
  6 F.3d 666 (9th Cir. 1993) ................................................................................................6

*Nordberg v. Trilegiant Corp.,*
  445 F.Supp.2d 1082 (N.D. Cal. 2006) ..............................................................................6

*Rivas v. California Franchise Tax Board,*
  619 F. Supp. 2d 994 (E. D. Cal. 2008) .............................................................................4

*Sonora Diamond Corp. v. Superior Court,*
  83 Cal. App. 4th 523 (2000) .............................................................................................5

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001) ............................................................................................4

*Wady v. Provident Life & Accident Ins. Co. of America,*
  216 F.Supp.2d 1060 (C.D. Cal. 2002) ..............................................................................6

*Wilson v. Birnberg,*
  667 F3d 591 (5th Cir. 2012) .............................................................................................7

**STATUTES**

Fair Labor Standards Act ("FLSA") ...........................................................................2, 3, 4

Lab. Code § 226.7 and 512 .................................................................................................3, 1

**OTHER AUTHORITIES**

Fed. Rule Civ. Proc. 8 .............................................................................................................2

Fed. Rule Civ. Proc. 8(a)(2) ....................................................................................................4

Fed. Rule Civ. Proc. 9(b) .........................................................................................................6

Fed. Rule Civ. Proc. 12(b)(6) ................................................................................................1, 4

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF

iii.

CASE NO. CV 16-1832 MEJ

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 28, 2016, at 10:00 a.m., on the 15th Floor, Courtroom B of this Court, located at 450 Golden Gate Avenue, San Francisco, California, before the Magistrate Judge Maria-Elena James, Defendants Fallanghina, LLC, Longbranch Berkeley LLC, Hal Brandel, and Walter Wright (collectively "Defendants"), will, and hereby do, move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff's First Amended Complaint ("FAC"), and specifically dismissing allegations regarding following named individual defendants and the following cause of action contained therein, for failure to state a claim upon which relief can be granted:

1. To the extent that Plaintiff alleges any causes of action against the named individual defendants Hal Brandel and Walter Wright based on an alter ego theory, Defendants move to dismiss Hal Brandel and Walter Wright as defendants from this action.

2. To the extent that Plaintiff alleges a cause of action for violations of California Labor Code sections 226.7 and 512 (meal and rest break claims), Defendants move to dismiss Plaintiff's claim on the grounds that Plaintiff has failed to plead any facts supporting that cause of action.

This motion is made on the grounds that the FAC fails to state a claim on which relief may be granted under the pleading standards set forth by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

This Motion is based on this Notice, the Memorandum of Points and Authorities set forth below, any oral argument that may be heard, and all pleadings and paper on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On April 11, 2016, Plaintiff Jose Gonzalez ("Plaintiff") filed his original complaint in the Northern District of California against Defendants alleging that he and other non-exempt current and former employees were not paid overtime and minimum wages under federal and California

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF                              1.                              CASE NO. CV 16-1832 MEJ

1  law, and were not given meal or rest breaks under California law.[1] He also asserted Fair Labor
2  Standards Act ("FLSA") claims of unpaid overtime and unpaid minimum wage on a FLSA
3  collective-action basis. In his original complaint, Plaintiff did not assert *any* factual basis for his
4  legal theories. His complaint did not include *any* factual allegations explaining what hours he claims
5  he was not correctly paid for, what work he claims he performed during that time, and/or the facts on
6  which they base any theory regarding why or how he was not paid for that time. His allegations
7  simply restated the legal elements of the statutory violations, and speculated "on information and
8  belief" that Defendants violated these requirements.

9  Defendants filed a motion to dismiss Plaintiff's complaint on May 17, 2016. In
10 response to Defendants' Motion to Dismiss, Plaintiff filed a First Amended Complaint ("FAC")
11 where he eliminated his minimum wage claims and provided more factual allegations regarding his
12 overtime claims. Plaintiff, however, did not provide *any* factual allegations regarding his meal and
13 rest break claims nor did Plaintiff provide any details supporting why Hal Brandel and Walter
14 Wright should be individual defendants in this action under an alter ego theory.

15 Although the standard for pleading under Federal Rule of Civil Procedure Rule 8 is
16 not high, Plaintiff has not met it with respect to his meal and rest break claims or his allegations that
17 the corporate veil should be pierced so that Hal Brandel and Walter Wright can be held individually
18 liable. With respect to these two issues, he has failed to state any plausible claim for relief because
19 he simply has not alleged any non-conclusory facts supporting these claimed legal violations. *See*
20 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
21 (2007). Defendants respectfully request that the Court enter an order dismissing Plaintiff's alter ego
22 allegations against Hal Brandel and Walter Wright and dismissing Plaintiff's meal and rest break
23 claims for failure to state a claim on which relief can be granted.

24 **II.    STATEMENT OF ISSUES TO BE DECIDED**
25 At issue before this Court are the following questions:
26 (1) Whether this Court should dismiss claims against individual defendants Hal
27 Brandel and Walter Wright, which are premised in Plaintiff's alter ego allegations, on the ground
28

---

[1] Plaintiff also asserts derivative claims for waiting time penalties and unfair competition.

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF                                2.                              CASE NO. CV 16-1832 MEJ

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

that Plaintiff failed to state any facts that would justify piercing the corporate veil.

(2) Whether Plaintiff's Third Cause of Action for meal and rest break violations under California Labor Code sections 226.7 and 512 should be dismissed on the ground that Plaintiff failed to state a claim on which relief can be granted.

### III. STATEMENT OF RELEVANT FACTS

#### A. Plaintiff's Causes of Action.

In his FAC, Plaintiff asserts five causes of action as follows: (1) failure to pay overtime under the FLSA; (2) failure to pay overtime under California law; (3) failure to provide proper meal and rest breaks required under California law; (4) failure to make payments within the time required under California law; and (5) unfair competition under California law.

#### B. Plaintiff's FAC Only Contains Conclusory Allegations against Individual Defendants Hal Brandel and Walter Wright and In Support Of His Meal and Rest Break Claims.

With respect to individual Defendants Hal Brandel and Walter Wright, Plaintiff asserts that he is "informed and believe[s] that Fallanghina LLC and Longbranch Berkeley LLC are the alter egos of Walter Wright and Hal Brandel, respectively, and those LLCs were formed, among other reasons, to defraud workers like [Plaintiff] by erecting a corporate shield to protect the individual Defendants from liability for their wrongful conduct . . . ." (FAC ¶ 2.) Plaintiff alleges that "[t]he LLCs are not properly capitalized to respond in damages to workers' wage complaints, such as [Plaintiff's] herein. (*Id.*) Plaintiff also states that "[t]here is such a unity of interest between the LLCs and the individuals that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to deprive [Plaintiff] in this action of money lawfully owing to them due to [his] earnest labors." Furthermore, Plaintiff alleges that "monies and assets are comingled between the LLC and the individuals, the formalities of the corporate structure are disregarded, and the corporate separateness is ignored."

Plaintiff's Third Cause of Action for Failure to Provide Meal and Rest Periods asserts that "[d]uring the period three years prior to the filing of the complaint, Plaintiff routinely worked more than eight hours per day and over forty hours per week, yet Defendants never offered [him] meal breaks nor allowed mandatory ten minute rest breaks, and compelled [him] to work through

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF

3.

CASE NO. CV 16-1832 MEJ

1  those meal and rest break periods." (FAC ¶ 30.)  With respect to this claim, Plaintiff alleges that
2  "[d]uring the pay period December 15, 2014 to December 28, 2014, Plaintiff Gonzales was denied
3  meal breaks and rest breaks at both LLCs." (*Id.* at ¶ 10.)

## IV.  ARGUMENT

### A.  Standard for a 12(b)(6) Motion

"A Rule 12(b)(6) motion to dismiss tests the threshold sufficiency of a plaintiff's claim for relief." *Cusack v. Idaho Dep't of Corr.*, 2012 U.S. Dist. LEXIS 19948, *7 (D. Idaho Feb. 15, 2012); *Lopez v. Wendy's Int'l, Inc.*, 2011 U.S. Dist. LEXIS 151513, *4 (C.D. Cal. Sept. 19, 2011).  Although Federal Rule of Civil Procedure 8(a)(2) only requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," to survive a motion to dismiss, a plaintiff's statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570.

"In deciding whether to grant a motion to dismiss, the court 'accepts[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences' in the light most favorable to the nonmoving party." *Rivas v. California Franchise Tax Board*, 619 F. Supp. 2d 994, 998 (E. D. Cal. 2008).  But, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Chaparro v. Carnival Corp.*, 693 F3d 1333, 1337 (11th Cir. 2012).  The Court should disregard legal conclusions, even when cast or phrased as factual assertions.  *Iqbal*, 556 U.S. 681.  And, the Court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Moreover, "Rule 8(a)(2) . . . requires a [factual] 'showing,' rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3.  Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) overruled on other grounds by *Twombly*, 550 U.S. at 562-63.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF                    4.                    CASE NO. CV 16-1832 MEJ

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3.

### B. Plaintiff Has Failed To Allege Sufficient Facts To Assert The Alter Ego Theory Against Individual Defendants Walter Wright and Hal Brandel.

Plaintiff's conclusory statements in the FAC that Mr. Wright and Mr. Brandel were, respectively, Fallanghina, LLC and Longbranch Berkeley LLC's alter ego – without any factual support – are insufficient to state a cause of action against Mr. Wright and Mr. Brandel. Piercing the corporate veil is an extraordinary remedy. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (2000) ("alter ego is an extreme remedy, sparingly used"). To pierce the corporate veil, a plaintiff must establish that (1) there is such unity of interest and ownership that the separate personalities of the two entities no longer exist; and (2) failure to disregard their separate identities would result in fraud or injustice. See *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996). "The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) (internal citation omitted).

Plaintiff's alter ego claims for both Mr. Brandel and Mr. Wright consist of nothing more than recitations of legal standards and factual statements made upon information and belief. Plaintiff asserts that he is "informed and believe[s] that Fallanghina LLC and Longbranch Berkeley LLC are the alter egos of Walter Wright and Hal Brandel, respectively, and those LLCs were formed, among other reasons, to defraud workers like [Plaintiff] by erecting a corporate shield to protect the individual Defendants from liability for their wrongful conduct . . . ." (FAC ¶ 2.) Plaintiff alleges that "[t]he LLCs are not properly capitalized to respond in damages to workers' wage complaints, such as [Plaintiff's] herein." (*Id.*) Plaintiff also states that "[t]here is such a unity of interest between the LLCs and the individuals that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to deprive [Plaintiff] in this action of money lawfully owing to them due to [his] earnest labors." (*Id.*) Furthermore, Plaintiff alleges that "monies and assets are comingled between the LLC and the individuals, the formalities of the corporate structure are disregarded, and the corporate separateness is ignored." (*Id.*)

Contrary to Plaintiff's assertions, Plaintiff's conclusory allegations, devoid of factual

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS; MPA ISO THEREOF            5.            CASE NO. CV 16-1832 MEJ

support are insufficient to support causes of action against Mr. Wright or Mr. Brandel, as individuals, based on an alter ego theory of liability. Merely listing elements of alter ego liability, as Plaintiff has done in paragraph 2 of the FAC, is insufficient to state a claim; the party asserting such a claim must also allege specifically the facts supporting each element. *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003) (citing, *inter alia*, *Wady v. Provident Life & Accident Ins. Co. of America*, 216 F.Supp.2d 1060, 1067 (C.D. Cal. 2002)); *Hokama v. E.F. Hutton & Co.*, 566 F.Supp. 636, 647 (C.D. Cal. 1983) (plaintiff failed to state claim against individual defendant when complaint contained only conclusory allegations of alter ego status without specifying any facts alleging elements of the doctrine). The FAC does not contain a single fact substantiating any element necessary to support the notion that Mr. Brandel or Mr. Wright were alter egos, and, thus, these individual defendants should be dismissed from the action. *See Nordberg v. Trilegiant Corp.*, 445 F.Supp.2d 1082, 1102 (N.D. Cal. 2006) (conclusory allegations of control insufficient to state a claim for alter ego liability or piercing the corporate veil).

Besides being vague, Plaintiff's FAC violates the fundamental rule that Federal Rule of Civil Procedure 9(b) forbids pleading on information and belief except when the opposing party remains in exclusive possession of the relevant facts. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). A plaintiff without personal knowledge of the facts who makes allegations on information and belief must state the factual basis for the belief. *Moore v. Bayport Package Exp.*, 885 F.2d 531, 540 (9th Cir. 1989); *County of Santa Clara v. Astra U.S., Inc.*, 428 F.Supp.2d 1029, 1036-37 (N.D. Cal. 2006) (allegations of fraud based on information and belief do not satisfy particularity requirement unless accompanied by statement of specific facts on which belief founded). Without being predicated on any factual assertions, Plaintiff's claims that Mr. Brandel and Mr. Wright have acted as alter egos of Defendants Fallanghina, LLC and Longbranch Berkeley LLC should be dismissed.

### C. Plaintiff Has Not Pleaded Facts Sufficient to State A Claim For His Meal and Rest Break Cause of Action

Plaintiff's FAC asserts a claim for meal and rest break violations under California law (Third Cause of Action) without sufficient factual allegations. In analyzing the plausibility of this

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS; MPA ISO THEREOF            6.            CASE NO. CV 16-1832 MEJ

1  claim, "[a] court must first take note of the elements a plaintiff must plead to state a claim." *Iqbal*,
2  556 US at 675; *Burtch v. Milberg Factors, Inc.*, 662 F3d 212, 221 (3rd Cir. 2011).  Then, the Court
3  must determine whether the *non-conclusory factual allegations* in the FAC are sufficient to state
4  such a claim.  *See Iqbal*, 556 US at 679; *Wilson v. Birnberg*, 667 F3d 591, 595 (5th Cir. 2012).

5        Here, Plaintiff has failed to allege the most basic facts that would support his meal
6  and rest break cause of action.  He has not provided Defendants with notice of the factual basis or
7  theory underlying his claim such that Defendants can investigate and defend themselves, and have
8  not satisfied his burden to allege a "plausible" claim.  The "formulaic recitation of the elements of a
9  cause of action" – which is the most that Plaintiff has done in this case – is simply inadequate, even
10 under liberal notice-pleading standards.  *Twombly*, 550 U.S. at 544.  In support of Plaintiffs' meal
11 and rest period claims, Plaintiff alleges that "[d]uring the period three years prior to the filing of the
12 complaint, Plaintiff routinely worked more than eight hours per day and over forty hours per week,
13 yet Defendants never offered [him] meal breaks nor allowed mandatory ten minute rest breaks, and
14 compelled [him] to work through those meal and rest break periods."  (FAC ¶ 30.)  He also alleges
15 that "[d]uring the pay period December 15, 2014 to December 28, 2014, Plaintiff Gonzales was
16 denied meal breaks and rest breaks at both LLCs."  (*Id.* at ¶ 10.)  In *Deleon v. Time Warner*, the
17 plaintiff alleged that "Defendants willfully required Plaintiff and class members to work during meal
18 periods" and "Defendants willfully required Plaintiff and class members to work during rest
19 periods."  The Central District of California found these allegations plus a recitation of statutory
20 language insufficient to survive a motion to dismiss.  *Deleon v. Time Warner*, 2009 U.S. Dist. Lexis
21 74345, 6-8; see also *Anderson*, 2010 U.S. Dist. Lexis 53854, at 9 (stating that it "is not enough to
22 simply parrot the statutory language for each purported claim").  The fact that Plaintiff has stated the
23 dates in which he was denied meal and rest breaks does not provide Defendants enough facts to
24 adequately investigate and defend themselves.  No mention is made of the factual circumstances or
25 reasons that Plaintiff might have been denied a meal and rest break during that time period.  Rather,
26 Plaintiff has provided bare, minimal details surrounding his meal and rest break claim, including a
27 formulaic recitation of a meal and rest break cause of action.  Thus, this Court should dismiss
28 Plaintiff's Third Cause of Action for violation of meal and rest periods.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS;
MPA ISO THEREOF                                7.                         CASE NO. CV 16-1832 MEJ

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's alter ego allegations regarding individual Defendants Hal Brandel and Walter Wright and any claims Plaintiff asserts against individual Defendants based on the alter ego theory, and dismiss Plaintiff's Third Cause of Action for meal and rest break violations.

DATED: June 21, 2016

　　　　　　　　　　　　　　　　　　　　　　/s/ Kai-Ching Cha
　　　　　　　　　　　　　　　　　　　　　　GARRY G. MATHIASON
　　　　　　　　　　　　　　　　　　　　　　KAI-CHING CHA
　　　　　　　　　　　　　　　　　　　　　　DANTON W. LIANG
　　　　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　FALLANGHINA, LLC DBA PAISAN OSTERIA; LONGBRANCH BERKELEY LLC; HAL BRANDEL; AND WALTER WRIGHT

Firmwide:141070970.1 089340.1001

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEF'S NOTICE OF MOTION TO DISMISS; MPA ISO THEREOF        8.        CASE NO. CV 16-1832 MEJ