UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE GONZALEZ,

    Plaintiff,

v.

FALLANGHINA, LLC, et al.,

    Defendants.

Case No. 16-cv-01832-MEJ

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 25

## INTRODUCTION

Plaintiff Jose Gonzalez ("Plaintiff") filed this action on behalf of himself and others similarly situated against Defendants Fallanghina LLC ("Fallanghina"), Longbranch Berkeley LLC ("Longbranch"), Hal Brandel, and Walter Wright (collectively "Defendants"), alleging they violated various federal and California labor and employment laws. Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 25. Plaintiff filed an Opposition (Dkt. No. 29), and Defendants filed a Reply (Dkt. No. 30). The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 28, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion for the following reasons.

## BACKGROUND

Plaintiff filed his initial Complaint on April 11, 2016, alleging Defendants (1) did not pay him or other non-exempt current and former employees overtime or minimum wages as required by federal and California law, and (2) did not give them meal or rest breaks as required under California law. Compl., Dkt. No. 1. In doing so, Plaintiff also asserted Fair Labor Standards Act ("FLSA") claims of unpaid overtime and unpaid minimum wage on a collective-action basis. *Id.*

Defendants filed a Motion to Dismiss on May 17, 2016, and subsequently, Plaintiff filed his FAC, removing the minimum wage claims and providing other allegations regarding the overtime claims. *See* FAC, Dkt. No. 22. The FAC asserts five causes of action: (1) failure to pay overtime under the FLSA, 29 U.S.C. § 207; (2) failure to pay overtime under California Labor Code "Section 501, et. al"; (3) failure to provide proper meal and rest breaks under California Labor Code §§ 226.7, 512; (4) failure to make payments within the time required after termination under California Labor Code §§ 201, 202, 203; and (5) restitution of unpaid overtime wages under California's Unfair Competition Law ("UCL"), Business and Profession Code §§ 17200, et seq. *Id.* The FAC does not state which Defendant(s) is allegedly liable for which cause(s) of action.

Plaintiff appears to allege Defendants Fallanghina and Longbranch "were joint employers" engaged in the "restaurant business." *Id.* ¶ 5. Plaintiff worked in some capacity at Paisan Osteria, "the restaurant owned and managed by Fallenghina[,]"[1] as well as Longbranch Saloon, "the restaurant owned and managed by Longbranch[.]" *Id.* Plaintiff alleges "[b]oth restaurant operations were housed in the same building, . . . shared employees . . . a common refrigerator . . . the same chefs and supervisor, *inter alia*[.]" *Id.* Plaintiff does not explain his role at the restaurant (i.e., whether he was a waiter, a line cook, a dishwasher, a host, a busser, etc.)[2] but alleges he worked in "shifts" and he "performed . . . non-exempt duties under both California and Federal law[.]" *Id.* ¶ 8.

He contends "Plaintiffs worked for each joint employer and were subject to a plan, scheme and policy of Fallaghina [] and Longbranch [] to deprive them of their lawfully earned overtime compensation by issuing separate payroll checks to avoid paying overtime compensation." *Id.* ¶ 6. Plaintiff explains that "during the pay period October 5, 2015 to October 18, 2015, [he] worked 78.54 hours at the Paisan Osteria restaurant and 41.81 hours at the Longbranch Saloon, and was only paid .65 hours overtime for the Paisan Osteria restaurant." *Id.* ¶ 9. He further alleges that "[d]uring the pay period December 15, 2014 to December 28, 2014, [he] was denied meal breaks

---

[1] Plaintiff's FAC in some instances spells Fallanghina as "Fallenghina."

[2] Nor does Plaintiff explain what roles the other proposed members of the class and/or collective action have at these companies.

and rest breaks at both LLCs." *Id.* ¶ 10.

Plaintiff also sues Defendants Hal Brandel and Walter Wright, who Plaintiff alleges are "the principals and controlling stockholders" in Fallaghina and Longbranch, respectively. *Id.* ¶ 2. According to the FAC, "Plaintiffs are informed and believe and thereon allege that Fallaghina LLC and Longbranch Berkeley LLC are the alter egos of the Walter Wright and Hal Brandel, respectively, and those LLCs were formed, among other reasons, to defraud workers like Plaintiffs by erecting a corporate shield to protect the individual Defendants from liability for their wrongful conduct[.]" *Id.* (errors in original). Plaintiff alleges "monies and assets are comingled between the LLC and the individuals, the formalities of corporate structure are disregarded, and the corporate separateness is ignored[.]" *Id.* He contends they are employers under the FLSA because they

> acted directly or indirectly in the interest of the LLCs in relation to Plaintiff Gonzales and other similarly situated employees by their authority over the operations of the LLCs, including authority over the daily operations of the LLCs and their managers, authority over the financial operations of the LLCs and their payrolls; establishment of a payroll system; control over the hiring and firing of employees their authority over the managerial staff of the LLCs; authority over the method of payment of the LLCs staff; participation in the decisions to operate the two LLCs in the same physical building and to share employee work among the LLCs[.]

*Id.* ¶ 3 (errors in original).

Defendants filed their pending Motion to Dismiss on June 21, 2016. Dkt. No. 25. They move to dismiss Plaintiffs' FAC on two grounds: (1) "[t]o the extent that Plaintiff alleges any causes of action against the named individual defendants Hal Brandel and Walter Wright based on an alter ego theory, Defendants move to dismiss Hal Brandel and Walter Wright as defendants from this action"; and (2) "[t]o the extent that Plaintiff alleges a cause of action for violations of California Labor Code sections 226.7 and 512 (meal and rest break claims), Defendants move to dismiss Plaintiff's claim on the grounds that Plaintiff has failed to plead any facts supporting that cause of action." Mot. at 1. They contend that "[a]lthough the standard for pleading under Federal Rule of Civil Procedure Rule 8 is not high, Plaintiff has not met it with respect to his meal and rest break claims or his allegations that the corporate veil should be pierced so that Hal

Brandel and Walter Wright can be held individually liable." *Id.* at 2.  They assert that "[w]ith respect to these two issues, [Plaintiff] has failed to state any plausible claim for relief because he simply has not alleged any non-conclusory facts supporting these claimed legal violations." *Id.* (citations omitted).  Defendants thus ask the Court to dismiss Plaintiff's alter ego allegations against Hal Brandel and Walter Wright and dismiss Plaintiff's meal and rest break claim (third cause of action) for failure to state a claim on which relief can be granted.  *Id.*

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face.  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In addition, courts may consider documents attached to the complaint.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

4

request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted).  However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

### A.   Alter Ego Claims

The alter ego doctrine generally "exists to hold accountable those who misuse the corporate form to carry out wrongdoing." *Pac. Bell Tel. Co. v. 88 Connection Corp.*, 2016 WL 3257656, at *2-3 (N.D. Cal. June 14, 2016).  "In narrow circumstances federal courts will find that a corporation is the alter ego of another by 'piercing the corporate veil[.]'" *Corcoran v. CVS Health Corp.*, 2016 WL 948880, at *7 (N.D. Cal. Mar. 14, 2016) (quotation and some internal marks omitted); *see also Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 539 (2000) ("alter ego is an extreme remedy, sparingly used").  "There is no litmus test to determine when the corporate veil will be pierced; rather the result will depend on the circumstances of each particular case." *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985).

"To survive a Rule 12(b)(2) motion on an alter ego theory a plaintiff must make a *prima facie* showing that both: (1) there is a unity of interest and ownership between the corporations such that their separate personalities do not actually exist, and (2) treating the corporations as separate entities would result in injustice." *Corcoran*, 2016 WL 948880, at *7 (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915 (2016)); *Mesler*, 39 Cal. 3d at 300.  Among the factors to be considered in applying this doctrine are:

> [c]ommingling of funds and other assets[;] . . . the unauthorized diversion of corporate funds or assets to other than corporate uses; . . . the treatment by an individual of the assets of the corporation as his own; . . . ; sole ownership of all of the stock in a corporation by one individual . . . [;] the failure to adequately capitalize a corporation; .

5

> . . the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; . . . the disregard of legal formalities . . . . [;] the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors . . . [;] the use of a corporation as a subterfuge of illegal transactions . . . .

*Leek v. Cooper*, 194 Cal. App. 4th 399, 417 (2011) (quotation omitted). These factors are "not exhaustive." *Id.* at 418 (quotation omitted). Others may be considered "under the particular circumstances of each case." *Id.* (quoting *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, LLP*, 69 Cal. App. 4th 223, 249-50 (1999) and *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-40 (1962)). In any event, "[t]he mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) (citation omitted).

In challenging the claims against Wright and Handel, Defendants point out that Plaintiff's allegations in support of his alter ego theory are conclusory and lack factual allegations to back up his legal conclusions. *See* Mot. at 6. As Defendants argue, "merely listing elements of alter ego liability, as Plaintiff has done in paragraph 2 of the FAC, is insufficient to state a claim; the party asserting such a claim must also allege specifically the facts supporting each element." *Id.* They further argue Plaintiff appears to have "borrowed key words from the elements of an alter ego theory of liability and has attempted to pass them off to Defendants and the Court as factual allegations." Reply at 2. The Court generally agrees.

Overall, Plaintiff's FAC fails to tell the story about what happened, when, and how—instead, he provides legalese and formulaic recitations of the elements supporting alter ego liability. This pleading method is insufficient under *Twombly/Iqbal*. At the risk of being redundant, the Court again reiterates that under *Iqbal*, a claim is facially plausible "when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678 (emphasis added). A complaint "does not need detailed factual allegations" but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires *more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 550 U.S. at 555 (emphasis added).

Plaintiff's FAC states various legal conclusions—e.g., Plaintiff asserts he is "informed and believe[s] that Fallanghina LLC and Longbranch Berkeley LLC are the alter egos of Walter Wright and Hal Brandel, respectively, and those LLCs were formed, among other reasons, to defraud workers like [Plaintiff] by erecting a corporate shield to protect the individual Defendants from liability for their wrongful conduct . . . ."; "[t]he LLCs are not properly capitalized to respond in damages to workers' wage complaints"; "[t]here is such a unity of interest between the LLCs and the individuals that it would be unfair and inequitable to honor the corporate shield in the instant case because the result would be to deprive [Plaintiff] in this action of money lawfully owing to them due to [his] earnest labors"; and "monies and assets are comingled between the LLC and the individuals, the formalities of the corporate structure are disregarded, and the corporate separateness is ignored[.]" FAC ¶ 2. The problem is he does not allege specific facts to support these conclusions, and thus, Plaintiff's FAC does not meet *Twombly/Iqbal* standards. He must allege supporting facts to establish a plausible basis for liability. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim . . . a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each.").

As a final note, Defendants also argue that "[b]esides being vague, Plaintiff's FAC violates the fundamental rule that Federal Rule of Civil Procedure 9(b) forbids pleading on information and belief except when the opposing party remains in exclusive possession of the relevant facts." Mot. at 6 (citing *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). While Plaintiff's Opposition potentially intimates that some of this information is not in his control (*see* Opp'n at 5), the Court does not have enough factual information from his FAC or otherwise to be able to assess Plaintiff's alter ego theory in general, let alone to the extent they are specifically based on allegations of fraud.[3] *See Clifton v. Houghton Mifflin Harcourt Publ'g Co.*, __ F. Supp. 3d__, 2015 WL 9319402, at *3 (N.D. Cal. Dec. 23, 2015) and *United Tactical Sys., LLC v. Real Action*

---

[3] *See also Pac. Bell Tel. Co.*, 2016 WL 3257656, at *3 (noting the alter ego doctrine "is not limited to fully blown intentional fraud. . . . It is enough (assuming the doctrine is otherwise satisfied) that the corporation is *used* to carry out some misdeed." (emphasis in original)).

*Paintball, Inc.*, 143 F. Supp. 3d 982, 1016-17 (N.D. Cal. 2015) (both adopting the plausibility analysis from *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), which held that allegations made "upon information and belief" are appropriate where (1) the support for the claims turns on information particularly within the control of the defendant, or (2) where there is other factual information elsewhere in the complaint upon which the allegations are based).

In light of the foregoing, the Court dismisses the claims against Wright and Handel. However, given that it is unclear whether Plaintiff can allege plausible facts supporting claims against these two individuals in some capacity, the Court will grant Plaintiff leave to amend.[4]

## B.     Meal and Rest Break Claim

California law requires employers to give their nonexempt employees meal periods and rest periods during the workday.  Cal. Lab. Code §§ 226.7, 512.  Specifically, Labor Code section 226.7 prohibits an employer from requiring an employee "to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."  Cal. Lab. Code § 226.7(a).  Section 226.7 and Industrial Welfare Commission ("IWC") Wage Order No. 5-2001 ("Wage Order No. 5")—operating in conjunction—require that an employer must authorize and permit all employees to take rest periods for "ten (10) minutes net rest time per four (4) hours" worked; "[h]owever, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours."  Wage Order No. 5, Cal. Code Regs. tit. 8, § 11140(12).  Additionally, Labor Code section 512 prescribes meal periods: an employer must "provid[e] the employee with a meal period of not less than 30 minutes" for workdays lasting more than five hours, and provide two meal periods for workdays in excess of 10 hours, subject to waiver in certain circumstances.  Cal. Lab. Code § 512(a); *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1041 (2012) ("[A]bsent waiver, section 512 requires a first meal period no later

---

[4] In their Reply, Defendants raise their concern that in his Opposition, Plaintiff indicates "for the first time" that he alleges all five causes of actions against Wright and Handel in their individual capacities.  Reply at 3.  Defendants provide a number of arguments as to why Plaintiff cannot assert his current claims against Wright and Handel in their individual capacities; however, the Court need not address these arguments at this point as it is not actually clear what Plaintiff alleges against which Defendant at this point.  As described below, in his amended complaint, Plaintiff should clarify who he is suing for which claims and in what capacity he sues them.

1  than the end of an employee's fifth hour of work, and a second meal period no later than the end
2  of an employee's 10th hour of work."). An employer satisfies its obligation under section 512 "if
3  it relieves its employees of all duty, relinquishes control over their activities and permits them a
4  reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or
5  discourage them from doing so." *Id.* Employers who violate these requirements must pay
6  premium wages. Cal. Lab. Code § 226.7(b).

Defendants challenge Plaintiff's meal and rest break claims asserted under sections 226.7 and 512, contending again the allegations in his FAC "do[] not provide Defendants enough facts to adequately investigate and defend themselves" against these claims. Mot. at 7. They note "Plaintiff has provided bare, minimal details surrounding his meal and rest break claim" and instead gives only a "formulaic recitation of a meal and rest break cause of action" with "[n]o mention . . . of the factual circumstances or reasons that Plaintiff might have been denied a meal and rest break during that time period." *Id.*

Again, the Court must agree. While Plaintiff argues he "points to a specific pay period in which he was denied meal and rest breaks" (Opp'n at 7), he does not explain the factual circumstances surrounding this alleged denial. Indeed, he alleges that "[d]uring the pay period December 15, 2014 to December 28, 2014, Plaintiff Gonzales *was denied* meal breaks and rest breaks at both LLCs" (FAC ¶ 10 (emphasis added)), but he does not say *who* denied him meal and rest breaks. *See Powell v. Wells Fargo Home Mortg.*, 2015 WL 4719660, at *12 (N.D. Cal. Aug. 7, 2015) ("Plaintiff also often writes in the passive voice so it is unclear who acted on any given claim[.]"). While elsewhere Plaintiff alleges "Defendants never offered [him] meal breaks nor allowed mandatory ten minute rest breaks, and compelled [him] to work through those meal and rest break periods" (FAC ¶ 30), he does not provide any of the factual circumstances of how or when that occurred, such as an allegation that Plaintiff's manager made Plaintiff fold napkins during any break or that Plaintiff's supervisor told him he was not allowed to take breaks. Without more factual content, the current allegations do not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Brinker Rest.*, 53 Cal. 4th at 1040-41 ("[T]he employer is not obligated to police

9

meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability . . . .").

Again, ultimately Plaintiff needs to allege facts and circumstances that support the elements of his claims, rather than simply reciting legal conclusions. *See Deleon v. Time Warner Cable LLC*, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009) ("simply parrot[ing] the statutory language" for violations of California Labor Code sections 226.7 and 512 was inadequate; "[i]f Plaintiff wishes to survive a motion to dismiss, Plaintiff must plead sufficient 'factual content' to allow the Court to make a reasonable inference that Defendants are liable for the claims alleged by Plaintiff" (quoting *Iqbal*, 556 U.S. at 678)). Accordingly, the Court dismisses Plaintiff's third cause of action for violations of Labor Code sections 226.7 and 512 but with leave to amend.

## CONCLUSION

In light of the foregoing analysis, the Court **GRANTS** Defendants' Motion to Dismiss but does so **WITH LEAVE TO AMEND** in the event Plaintiff can plead the factual content necessary to support his claims. The Court will not restate what it has already explained above regarding the basic factual content Plaintiff must plead to survive a motion to dismiss; however, as a final note, the Court cautions Plaintiff to be cognizant of the care required in pleading and litigating class action and collective action claims. In particular, Plaintiff needs to be clear about which claims he brings on what basis and against which Defendants.

Plaintiff's amended complaint is due **by August 19, 2017**.

**IT IS SO ORDERED.**

Dated: July 22, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge